UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JAMES SPANN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:05CV1470 CDP |
| | ) | |
| CORRECTIONAL MEDICAL SERVICES, et al., | ) ) | |
| | ) | |
| Defendants. | ) | |

# **MEMORANDUM AND ORDER**

This matter is before me on plaintiff's motion for a temporary restraining order against defendants Purkett and Garrigus. Plaintiff, an inmate at Missouri's Eastern Reception, Diagnostic and Correctional Center, brings this pro se § 1983 action against Purkett, Garrigus and other defendants, alleging excessive force, denial of access to courts, denial of medical treatment, unsanitary prison conditions and retaliation for filing a civil rights action. Plaintiff now seeks a temporary restraining order against defendants Purkett and Garrigus requiring them to provide him with legal research, medical treatment and non-vegetarian meals.

In support of his motion, plaintiff complains that the law librarian is only allowed to visit the administrative segregation wing where he is housed once a week, that he is only permitted three legal cases per week for research, and that he

is forced to eat vegetarian meals when he is not a vegetarian in retaliation for filing his lawsuit. Plaintiff contends that he needs "medical treatment" because he has been "throwing up beans" and has stomach pains caused by "eating beans." Plaintiff's motion will be denied.

Under Dataphase Systems, Inc. v. C.L. Systems, Inc., 640 F.2d 109 (8th Cir.1981), the Eighth Circuit Court of Appeals set out the factors for determining if a temporary restraining order or preliminary injunction should be issued. Id. at 113. These factors are "(1) the threat of irreparable harm to the movant; (2) the state of balance between this harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that movant will succeed on the merits; and (4) the public interest." Id. A temporary restraining order is an extraordinary and drastic remedy. Williams Pipe Line Co. v. City of Mounds View, Minnesota, 651 F.Supp. 544, 548 (D. Minn. 1986). The burden of proving that the relief should be awarded rests entirely on the movant. Goff v. Harper, 60 F.3d 518, 520 (8th Cir. 1995).

As the Supreme Court recognized in Procunier v. Martinez, 416 U.S. 396 (1974), "[t]raditionally, federal courts have adopted a broad hands-off attitude toward problems of prison administration." Id. at 404. These problems are "complex and intractable, . . . they are not readily susceptible of resolution by

[judicial] decree. Most [prisons] require expertise, comprehensive planning, and the commitment of resources, all of which are peculiarly within the province of the legislative and executive branches of government." Id. at 405. However, the Court is also mindful that it has a responsibility to scrutinize claims of cruel and unusual confinement and to protect constitutional rights. Id. at 405-06.

Plaintiff's conclusory motion will be denied because it is unlikely that he will succeed on the merits. The fundamental constitutional right of access to the courts requires prison authorities to provide prisoners with adequate law libraries or adequate assistance from persons trained in the law. Bounds v. Smith, 430 U.S. 817, 828 (1977). However, even if a prisoner can show a "complete and systematic denial of access to a law library or legal assistance," which petitioner has not alleged in the instant motion, he must still "'demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim.'" Klinger v. Department of Corrections, 107 F.3d 609, 617 (8th Cir. 1997) (quoting Lewis v. Casey, 518 U.S. 343, 351(1996)). In this case, petitioner fails to allege that he has suffered actual injury or prejudice as a result of the weekly visit by the law librarian and the rule limiting his access to three cases per week, such as by suffering the dismissal of his claim. See Lewis, 518 U.S. at 351. When the absence of actual injury or prejudice is combined with the fact that plaintiff is

granted weekly access to legal research and assistance, it is unlikely that petitioner can prevail on an access-to-courts claim.  Id.  For the foregoing reasons, petitioner's motion for emergency injunctive relief will be denied.

Plaintiff is also unlikely to succeed on the merits of his claim that his Eighth Amendment rights were violated because he was given vegetarian meals.  To make out an Eighth Amendment violation a plaintiff must show a serious deprivation of "the minimal civilized measure of life's necessities" and "offending conduct [that is] wanton."  Wilson v. Seiter, 501 U.S. 294, 298 (1991) (internal citations and quotation marks omitted).  The Eighth Amendment requires prison officials to provide humane conditions of confinement.  See Farmer v. Brennan, 511 U.S. 825, 832 (1994).  "[P]rison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care."  Id.  In this case, plaintiff's motion falls short of demonstrating that his Eighth Amendment rights were violated because he was given vegetarian meals.  Although plaintiff complains of stomach cramps and vomiting from eating beans every day, there is no allegation or evidence that the beans or the vegetarian meals are unsanitary or do not meet the basic nutritional needs of plaintiff (especially since plaintiff admits that the vegetarian meals include more food than just beans).  Because it is unlikely that plaintiff can prevail on his claim that serving an inmate beans with every vegetarian meal constitutes cruel and

unusual punishment in violation of the Eighth Amendment, plaintiff is not entitled to emergency injunctive relief. The motion for temporary restraining order will be denied.

Finally, plaintiff's broad and conclusory assertion that he is being denied medical treatment because he has stomach pains from eating beans does not entitle him to emergency injunctive relief. Plaintiff has not submitted any evidence or put forward any allegations demonstrating that he has a serious medical need and that he would be irreparably harmed if immediate injunctive relief is not awarded. Under these circumstances, plaintiff's motion for emergency injunctive relief will be denied.

Plaintiff also filed a motion for temporary restraining order and preliminary injunction when he filed his complaint. This conclusory motion will also be denied because it merely reiterates the allegations contained in the complaint and presents no basis for emergency or preliminary injunctive relief.

Finally, plaintiff has filed a motion to supplement his complaint and include allegations that have occurred since his complaint was filed. Because this case is in its initial stages and no discovery has been authorized, I will exercise my discretion and permit plaintiff to supplement his complaint.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for temporary restraining order against Purkett and Garrigus [#23] is denied.

**IT IS FURTHER ORDERED** that plaintiff's motion for preliminary injunction and temporary restraining order [#3] is denied.

**IT IS FURTHER ORDERED** that plaintiff is granted leave to file his supplemental complaint [#24].

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 22nd day of February, 2006.